UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANDA I. MERCADO,

    Plaintiff,

v.                                          Case No.: 8:25-cv-818-LSG

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER

The plaintiff Wanda I. Mercado moves unopposed for an award of $3,891.71 in attorney's fees under the Equal Access of Justice Act (the "EAJA"), 28 U.S.C. § 2412(d). Doc. 18. Shortly after Mercado filed an opening brief, the Commissioner moved unopposed to remand this action under sentence four of 42 U.S.C. § 405(g). Doc. 14. An order grants that motion, and the Clerk entered a judgement in favor of Mercado and against the Commissioner. Docs. 15-16.

As the prevailing party, Mercado timely[1] moves for an award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2414(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order

---

[1] The plaintiff in a social security case has thirty days beyond the sixty-day appeal window to apply for fees and other expenses under the EAJA, for a total of ninety days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). Here, Mercado timely filed an application for fees on October 20, 2025, Doc. 18, ninety days after judgment. Doc. 16. *See also* Fed. R. Civ. P. 6(a)(1)(C).

under 42 U.S.C. § 405(g) is a prevailing party), *superseded by rule on other grounds*, Fed. R. Civ. P. 58(c)(2)(B). After an order awarding EAJA fees, the United States Department of the Treasury determines whether the plaintiff owes a debt to the government. *See Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010) ("A § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government."). Absent a federal debt, the government will accept Mercado's assignment of EAJA fees and pay the fees directly to her counsel.

The Commissioner consents to the requested relief. Additionally, Mercado's counsel files a legal memorandum and a billing ledger in support of the unopposed motion. Doc. 18 at 4-11. Therefore, for the reasons stated by Mercado, the unopposed motion for attorney fees under the EAJA, Doc. 18, is **GRANTED**. Mercado shall receive $3,891.71 in attorney's fees under the EAJA. Unless the Department of Treasury determines that Mercado owes a federal debt, the defendant must pay the fees to Mercado's counsel in accord with the assignment of fees. *See* Doc. 18-1.

**ORDERED** in Tampa, Florida, on this 24th day of October, 2025.

LINDSAY S. GRIFFIN
United States Magistrate Judge